J-S41003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH RAFAEL LOPEZ | : | |
| | : | |
| Appellant | : | No. 3249 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 21, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000268-2022

BEFORE: BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 9, 2025**

Joseph Rafael Lopez appeals from the judgment of sentence of three to six years imposed following his open guilty plea to driving under the influence of a controlled substance ("DUI") and possession with intent to deliver a controlled substance ("PWID"). In this Court, Scott J. Werner, Jr., Esquire, has filed a motion to withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's motion and affirm.

Appellant admitted to the following facts at the time he entered his plea:

> [O]n January 24th of 2021[,] at 8:40 p.m. on Route 724 eastbound and Route 100 southbound on the off-ramp in Pottstown, Chester County, Pennsylvania, the police pulled over [Appellant] after he failed to yield to oncoming traffic on the off-ramp. There was an odor of burnt marijuana coming from the

_____

* Retired Senior Judge assigned to the Superior Court.

vehicle. [Appellant] admitted to smoking marijuana while he was driving and provided the police with the marijuana blunt that he was smoking. [Appellant] consented to a search of the vehicle. Under his seat was a bag containing 186 pills, later identified as Adderall and amphetamine pills. These pills are a Schedule II controlled substance that [Appellant] possessed with the intent to deliver them, and [he] is not licensed or privileged to do so. Standardized field sobriety tests were conducted on [Appellant] which indicated impairment. He consented to a blood draw which revealed the presence of THC, cocaine, and oxycodone. [Appellant] was incapable of safely operating a motor vehicle.

N.T. Guilty Plea, 11/27/23, at 3-4.

Accordingly, the Commonwealth charged Appellant with DUI and PWID.

The trial court recounted the subsequent history of the case thusly:

Appellant was scheduled to appear on September 23, 2021[,] and March 21,2022, but failed to appear; subsequently a bench warrant was issued. Thereafter Appellant applied for and was denied admission to drug court and/or the accelerated rehabilitative disposition ("ARD") program on August 30, 2023. [Appellant] entered an open guilty plea to both counts on November 27, 2023.

Appellant was brought [before a different judge] for sentencing on June 21, 2024, where he was sentenced to [thirty-six to seventy-two] months [of] incarceration[. He] was eligible for the state drug treatment program as there was no objection from the Commonwealth. He was also eligible for the Recidivism Risk Reduction Incentive ("RRRI") [program]. Upon hearing the court's sentence and denial of his request for a deferred report date, Appellant fled the courtroom and had to be detained by courtroom security, resulting in two additional criminal charges to which he pled guilty on December 11, 2024.

Trial Court Opinion, 7/29/25, at 2.

Appellant filed a timely post-sentence motion requesting withdrawal of his guilty plea and for reconsideration of his sentence. The motion was denied by operation of law, and this timely appeal followed. The trial court did not

order Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed. However, the trial court authored a Rule 1925(a) opinion addressing the issues raised in Appellant's post-sentence motions.

As noted, in this Court, counsel filed a petition to withdraw and an *Anders* brief. Thus, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (cleaned up).

Our Supreme Court has further required the following:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

- 3 -

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Upon examination of counsel's motion to withdraw and *Anders* brief, we conclude that counsel has complied with the technical requirements set forth above. Counsel provided Appellant with a copy of the motion and brief, and advised him of his right to pursue his appellate issues *pro se* or with hired counsel.[1] As required by *Santiago*, counsel set forth a history of the case, referred to issues that arguably support the appeal, discussed relevant case law, and stated his conclusion that the appeal is frivolous. *See Anders* brief at 13-21. Therefore, we proceed to an independent review.

The issues arguably supporting this appeal cited by counsel are challenges to (1) the denial of Appellant's request to withdraw his guilty plea and (2) the discretionary aspects of his sentence. *Id*. at 11. We consider each in turn.

The following principles govern our review of the trial court's denial of Appellant's post-sentence motion to withdraw his plea:

> The decision to allow a defendant to withdraw their guilty plea post-sentence is a matter that rests within the sound discretion of the trial court. Further, a request to withdraw a guilty plea made after sentencing is subject to a higher scrutiny since courts strive to discourage the entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a plea after the imposition of sentence, a defendant must make a showing of

_____

[1] Appellant did not file a response to counsel's petition.

prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can demonstrate that his plea was entered involuntarily, unknowingly, or unintelligently.

Moreover, once a defendant enters a guilty plea, it is presumed he was aware of what he was doing. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy. In assessing the voluntariness of a guilty plea, we note the law does not require that [an] appellant be pleased with the outcome of his decision to enter a plea of guilty[.] All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made.

*Commonwealth v. Alameda*, 339 A.3d 504, 509–10 (Pa.Super. 2025) (cleaned up). With exceptions not relevant here, where the alleged basis for the involuntariness of a plea is ineffective assistance of plea counsel, the claim must await collateral review rather than being addressed on direct appeal from the judgment of sentence. *Id*. at 511.

In his motion to withdraw the plea, Appellant asserted that he only agreed to plead guilty because his attorneys led him to believe that he would be sentenced to a drug program or probation, rather than any jail time. *See* Post-Sentence Motions, 7/1/24, at ¶ 19; Brief in Support, 7/30/24, at unnumbered 5 and Exhibit C.

To the extent that he claimed ignorance of the possibility of a sentence of total confinement, that contention is belied by the certified record. *See* N.T. Open Plea, 11/27/23, at 9 (advising Appellant on the record that the sentencing guidelines suggested standard-range minimums of thirty-six to fifty-four months for PWID and seventy-two hours for DUI); Guilty Plea

Colloquy, 11/27/23, at 1, 3 (advising that Appellant could be sentenced to up to six months and fifteen years, respectively, for his convictions and that the was no agreement between the parties relating to the sentence he would receive). Insofar as Appellant faults counsel for advising him off the record that he would receive no jail time, that claim must await collateral review. **See Alameda**, 339 A.3d at 511.

Consequently, Appellant proffered no reason for the court to conclude that it would be a manifest injustice not to allow him to withdraw his plea after he received a sentence that he did not like. Hence, we agree with counsel that a challenge to the trial court's denial of his motion has no basis in law or fact, such that pursuing it in this appeal would be frivolous. **Accord Commonwealth v. Gabra**, 336 A.3d 1052, 1057 (Pa.Super. 2025) ("As the only evidence of Gabra's allegation that his plea was involuntarily entered is in contradiction to the statements he made during his guilty plea colloquy, counsel correctly determined this claim is frivolous.").

The remaining issue identified by counsel concerns the trial court's exercise of its sentencing discretion.[2] In this vein we observe that, to obtain

---

[2] Typically, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed." **Commonwealth v. Adams**, 327 A.3d 667, 669 (Pa.Super. 2024) (cleaned up). However, where, as here, the plea does not include an agreement as to the sentence to be imposed, "the defendant retains the right to challenge the discretionary aspects of his sentence[.]" **Commonwealth v. Luketic**, 162 A.3d 1149, 1159 (Pa.Super. 2017).

appellate review of the sentencing court's exercise of discretion, an appellant must, *inter alia*, preserve his challenges thereto by raising them in a timely and appropriate fashion, and establish that he has raised a substantial question that his sentence is inappropriate pursuant to the Sentencing Code. ***See***, ***e.g.***, ***Commonwealth v. Solomon***, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*). When presented with a substantial question, this Court proceeds to determine whether the sentencing court abused its discretion. We have explained:

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Id***. at 1168 (cleaned up).

Pertinent to the arguments raised by Appellant in his motion, the Sentencing Code specifies:

> The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:
>
> (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
>
> (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
>
> (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S. § 9725. Meanwhile, our General Assembly has identified the following grounds as weighing in favor of probation:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm.

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his dependents.

(12) Such other grounds as indicate the desirability of probation.

42 Pa.C.S. § 9722.

In his post-sentence motion, Appellant contended that none of the § 9725 considerations militated in favor of total confinement, and that several of the § 9722 factors warranted a term of probation rather than imprisonment. Specifically, Appellant asserted thusly as to the former:

> First, this is [Appellant's] first offense and there is nothing presented by the Commonwealth to indicate he would commit another offense . . . while on probation or partial confinement. Second, there is no correctional treatment that [he] is in need o[f], nor could be adequately provided by a state correctional institution. Finally, a lesser sentence would not depreciate the seriousness of this offense as [Appellant] would still be faced with a felony on his record that will substantially impact his future life and deter him from future criminal conduct.

Post-Sentence Motions, 7/1/24, at ¶ 9. He further suggested that probation was appropriate given his lack of a prior record, the fact that he is gainfully self-employed as the owner of a grocery store, and that his minor children were dependent upon him. *Id*. at ¶ 12. Appellant additionally attached to his motion letters from his friends and family attesting to his character. *Id*. at ¶ 13, Exhibit A.

Appellant took the necessary steps to preserve his issue for our review. Assuming *arguendo* that his claims raise a substantial question, we proceed to examine the trial court's explanation for its decision. The court indicated that it did not believe Appellant would comply with the conditions of a probationary sentence or partial confinement given that he twice failed to appear for scheduled court dates, requiring the issuance of bench warrants to secure his appearance, and that he attempted to flee during the sentencing

hearing. **See** Trial Court Opinion, 7/29/25, at 4. Indeed, the fact that Appellant's conduct during the sentencing hearing resulted in the filing of new charges undercut his claim that he was unlikely to commit new offenses if not confined. ***Id***.

The court also cited Appellant's lack of appreciation of the seriousness of his offense, as he insisted at the sentencing hearing, despite his earlier admission to having committed PWID, that he had the high volume of drugs only for his personal use. ***Id***. at 3-4. As for his struggles with addiction, the court observed:

> [Appellant] is eligible for multiple treatment programs run by the Pennsylvania Department of Corrections that would bring his minimum parole date well below even the bottom of the standard range. The Commonwealth provided that if accepted into a State Drug Treatment program, [Appellant] would be eligible to enter treatment within [two] years of his RRRI minimum, which would occur after serving less than a year of incarceration. Furthermore, the Commonwealth could have filed an objection to [Appellant's] participation in the State Drug Treatment Program, which would require him to serve the full [thirty-six] months of his minimum parole time. The Commonwealth did not do so to allow [him]to pursue treatment.

***Id***. at 4-5.

Further, the sentencing court addressed the new mitigating evidence supplied in the post-sentence motion as follows:

> Appellant provided several letters from family members and friends attesting to his good character, along with photographs depicting him as a father who spends time with his two children, aged [three] and [nine]. The court appreciates this additional information; however, any mitigating evidence ought to have been presented prior to the imposition of sentence. [Appellant] pled guilty on November 27, 2023, and sentencing was deferred

until June 21, 2024, following several continuances. Therefore, the Appellant had over [six] months to gather and present such mitigating facts before this court imposed his sentence.

*Id*. at 5 (cleaned up).

From this, we see no indication that, in sentencing him, the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Solomon***, 247 A.3d at 1168 (cleaned up). Plainly, the court did not err in failing to consider mitigating evidence that was not presented to it.[3] Asking us to reweigh the sentencing factors in the absence of any abuse of discretion to reach a different result would be frivolous. ***See Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009) ("We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court."). Accordingly, we agree with counsel that advocating a challenge to the discretionary aspects of Appellant's sentence would not support this appeal.

Additionally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues that counsel failed to address. ***Commonwealth v. Dempster***, 187 A.3d 266,

---

[3] Any complaints Appellant has with his counsel's advocacy in this regard are not before us in this appeal. ***See***, ***e.g.***, ***Commonwealth v. Royal***, 312 A.3d 317, 323 (Pa.Super. 2024) ("[C]laims of trial counsel's ineffectiveness are to be raised in collateral proceedings and may not be raised on direct appeal.").

272 (Pa.Super. 2018) (*en banc*). Therefore, we affirm the judgment of sentence and grant counsel's request to withdraw.

Motion of Scott J. Werner, Jr., Esquire to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/9/2025